[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

_____

No. 10-12828
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-14004-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLLIE GILLIAM, JR.,
a.k.a. Rollie Gilliam,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2011)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

The district court sentenced Rollie Gilliam, Jr., a career offender, to a prison

term of 327 months after he pled guilty (pursuant to a plea agreement) to

conspiracy to possess with intent to distribute 5 or more grams of cocaine base,

i.e., "crack cocaine", in violation of 21 U.S.C. § 846. Gilliam's sentence was at

the top of the applicable Guidelines sentence range, 262 -327 months'

imprisonment. Gilliam appeals his sentence, contending (1) that the district court

did not adequately explain its reasons for denying his motion for a downward

variance from the sentence range, and (2) that his sentence was unreasonable and

excessive because the court allegedly believed that it could not consider the

crack/powder cocaine disparities in sentencing him.

In the sentencing regime existing after *United States v. Booker*, 543 U.S.

220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing decisions are reviewed on

appeal for reasonableness. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586,

594, 169 L.Ed.2d 445 (2007). A review for reasonableness requires an appellate

court to apply a deferential abuse-of-discretion standard to the defendant's

sentence, whether the sentence is inside or outside the Guidelines sentence range.

*Id.* at 41, 128 S.Ct. at 591. The familiar abuse-of discretion standard "allows a

range of choice for the district court, so long as that choice does not constitute a

clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir.

2010) (*en banc*) (quotation omitted), *petition for cert. filed*, (U.S. Nov. 24, 2010)

(No. 10-727).  Specifically, such a review requires that we invoke the following two-step process to evaluate procedural and substantive reasonableness:

> It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed . . . .

*Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

Procedural soundness assumes that the sentencing judge must "properly calculate the Guidelines range . . . ." *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008).  After *Booker*, "the district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Crawford,* 407 F.3d 1174, 1178 (11th Cir. 2005) (quotation and alteration omitted).  "This consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines[.]" *Id.*  The sentencing judge's explanation for the chosen sentence may be brief and is to be evaluated in conjunction with the record and context of the case*. Rita v. United States*, 551 U.S. 338, 358-59; 127 S.Ct. 2456, 2469, 168

L.Ed.2d 203 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356, 127 S.Ct. at 2468.

In arriving at a reasonable sentence, the district court shall impose a sentence that is "sufficient, but not greater than necessary," to comply with the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). Other factors that the sentencing court should consider are the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Sentencing Guidelines range; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwanted sentencing disparities among similarly situated defendants; and (6) the need to provide restitution to victims. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C.

§ 3553(a)).

On appeal, the "highly deferential" review for substantive reasonableness does not involve the consideration of each individual decision the court makes during sentencing. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). Instead, it requires a review of only the final sentence for reasonableness in light of the § 3553(a) factors. *Id.* "[T]here is a range of reasonable sentences from which the district court may choose," and ordinarily, we expect a sentence within the guidelines range to be reasonable. *Talley*, 431 F.3d at 788. "The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir.) (quotation and citation omitted), *cert. denied*, 129 S.Ct. 2847 (2009). We do "not reweigh relevant factors nor do we remand for re-sentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). Rather, we determine if the sentence "fail[ed] to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788.

After review of the record and consideration of the parties' briefs, we conclude that the district court adequately explained its reasoning to rely on

Gilliam's status as a career offender and his past criminal history for its refusal to effect a downward variance. Further, a review of the record reveals that the district court did not believe that it could not consider the crack/powder cocaine disparities, but instead confirmed its belief that the policies regarding the need to prevent recidivism warranted the sentence imposed. In light of Gilliam's recidivist history, a sentence at the top of the Guidelines sentence range was not unreasonable.

AFFIRMED.